**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1614-18T3

ZION'ELIYAH YAH'TORAH,

    Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____

Submitted May 12, 2020 – Decided May 26, 2020

Before Judges Accurso and Rose.

On appeal from the New Jersey Department of Corrections.

Zion'Eliyah Yah'Torah, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Kimberly G. Williams, Deputy Attorney General, on the brief).

PER CURIAM

Zion'Eliyah Yah'Torah, an inmate at New Jersey State Prison (NJSP), appeals a final agency decision of the New Jersey Department of Corrections, refusing to afford him daily outdoor recreation.

On appeal, Yah'Torah raises the following points for our consideration:

POINT 1

THE NEW JERSEY STATE PRISON IS IN VIOLATION OF [N.J.A.C.] 10A:17-8.6(d) DUE TO ITS DENIAL OF ALLOWING PRISONERS ONE HOUR OF YARD A DAY.

POINT 2

NEW JERSEY STATE PRISON[']S DEN[I]AL OF DAILY RECREATION FOR [SIC] IS ARBITRARY [AND] CAPRICIOUS ACTION.
(Not Raised Below)

In his reply brief, Yah'Torah contends:

A. THE DEPARTMENT'S FINAL DECISION IS NOT BASED ON SUBSTANTIAL, CREDIBLE EVIDENCE IN THE RECORD AND SHOULD BE REVERSED.

B. THE DEPARTMENT'S DECISION HAS VIOLATED APPELLANT YAH[']TORAH'S RIGHTS AS EXPRESSED IN THE ADMINISTRATIVE CODE; THEREFORE, THE FINAL ADJUDICATION SHOULD BE VACATED AND REMANDED.

2

We have thoroughly reviewed the record in light of these contentions, and conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We add the following brief remarks.

Our scope of review of an agency decision is limited. In re Stallworth, 208 N.J. 182, 194 (2011); Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010). Reviewing courts presume the validity of the "administrative agency's exercise of its statutorily delegated responsibilities." Lavezzi v. State, 219 N.J. 163, 171 (2014). "We defer to an agency decision and do not reverse unless it is arbitrary, capricious[,] or unreasonable or not supported by substantial credible evidence in the record." Jenkins v. N.J. Dep't of Corr., 412 N.J. Super. 243, 259 (App. Div. 2010). "'Substantial evidence' means 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Figueroa, 414 N.J. Super. at 192 (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)).

"A reviewing court 'may not substitute its own judgment for the agency's, even though the court might have reached a different result.'" Stallworth, 208 N.J. at 194 (quoting In re Carter, 191 N.J. 474, 483 (2007)). "This is particularly true when the issue under review is directed to the agency's special 'expertise and superior knowledge of a particular field.'" Id. at 195 (quoting In re

Herrmann, 192 N.J. 19, 28 (2007)).  But, an agency's "interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference."  Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

Pursuant to N.J.A.C. 10A:17-8.6(d):  "Inmates shall be given the opportunity to participate in a minimum of one hour of active recreation per day."  And, under N.J.A.C. 10A:17-8.3:

> (a)  Each correctional facility may provide the following for the assemblage or recreational activities of general population inmates:
>
> 1.  An auditorium, large area and/or gymnasium that may include a stage, a screen upon which films may be projected and other multipurpose equipment; and
>
> 2.  An outdoor recreational area of sufficient size to accommodate athletic activities.

In its final decision,[1] the Department informed Yah'Torah that his matter had "been adequately responded to by custody staff."  That prior response was an explanation from "Major Sears" that N.J.A.C. 10A:17.8.6(d) does not specify yard time, "just recreation and only if physical facilities permit, which here at NJSP they do not."

---

[1] On November 19, 2018, the Department issued its final decision to Yah'Torah via its computer-based grievance system.

A-1614-18T3

Because Yah'Torah claimed he only was denied daily "yard" time, we conclude the Department's final agency decision is not arbitrary, and is supported by credible evidence in the record. Jenkins, 412 N.J. Super. at 259. To the extent Yah'Torah claims in his reply brief that his argument was not limited to yard time and implies the Department failed to afford him any active recreational time, we decline to consider those claims. See L.J. Zucca, Inc. v. Allen Bros. Wholesale Distribs. Inc., 434 N.J. Super. 60, 87 (App. Div. 2014) ("An appellant may not raise new contentions for the first time in a reply brief.").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1614-18T3